UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| EDWARD GREER, pro se, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-493-HBG |
| | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the consent of the parties [Doc. 15]. Now before the Court is the Plaintiff's response [Doc. 20] to the Court's Order to Show Cause [Doc. 19], entered on July 10, 2017. On August 14, 2017, the Court held a telephonic status conference. Assistant United States Attorney Loretta Harber appeared on behalf of the Commissioner. The Plaintiff, who is pro se, did not appear.

By way of background, the Court originally set forth a briefing schedule on November 7, 2016, directing the Plaintiff to file a dispositive motion and brief in support within 45 days. [Doc. 12]. On December 27, 2016, the Plaintiff filed a letter with the Court, explaining that he was a victim of the Gatlinburg wildfires which had caused him to lose everything, including papers and the "400-page book." [Doc. 13 at 1]. In response to the Plaintiff's letter, the Commissioner filed a Motion for Amended Briefing Schedule on February 15, 2017. [Doc. 16]. The Commissioner interpreted the Plaintiff's reference to papers and 400-page book to mean that the Plaintiff had lost the documents the Commissioner had served, including the Commissioner's Answer, Notice of Manual Filing, and Transcript of the Administrative Record. [*Id.* at 1-2]. The Commissioner proposed that the Court enter an amended briefing schedule whereby the Commissioner would re-serve the foregoing

documents on the Plaintiff, and the Plaintiff be given an additional 60 days to file a dispositive motion and brief in support. [*Id.* at 2]. On February 17, 2017, the Court granted the Commissioner's motion and set a new 60-day deadline, effectively giving the Plaintiff up to and including April 18, 2017, "to file his dipositive motion and memorandum in support." [Doc. 18].

The 60-day deadline passed without any response from the Plaintiff. Consequently, the Court entered an Order to Show Cause on July 10, 2017. [Doc. 19]. The Order directed the Plaintiff "to show cause on or before July 24, 2017, as to why he has failed to file his dipositive motion and brief in support and why the Court should not dismiss this action for failure to prosecute." [*Id.*]. The Plaintiff filed a response on July 24, 2017, but did not provide any explanation why he did not file a dispositive motion. [Doc. 20]. Rather, the Plaintiff complained in generalities about the Social Security Administration and a lawyer that previously represented him. [*Id.*]. In addition, the letter stated that he talked to a "Nancy Harber" about the case. [*Id.* at 2]. Because the letter did not address the merits of the Court's Order to Show Cause, and given the Plaintiff's pro se status, the Court set a telephonic status conference for August 14, 2017, in an effort to further assist the Plaintiff in moving his case forward. The notice was sent to the Plaintiff via U.S. Mail to the address listed on CM/EFC, the same address the Plaintiff listed as his return address on his July 24, 2017 letter. The Court also made several unsuccessful attempts to reach the Plaintiff by phone.

During the August 14 telephonic status conference, Ms. Harber explained that the Plaintiff had called her on March 31, 2017. Ms. Harber related that the Plaintiff confirmed he had received the materials Ms. Harber had resent but that he did not know how to proceed in this case. Ms. Harber stated she told the Plaintiff she could not advise him since she represented the Government but informed him of the deadlines in this case, that he could go to the courthouse to review his case file, and directed him to several attorney referral services.

Pursuant to Federal Rule of Civil Procedure 41(b), courts have inherent power to dismiss an action due to a plaintiff's failure "to prosecute or to comply with these rules or a court order." *See Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a sua sponte order of dismissal.") (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629. Courts consider the following four factors in determining whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir.2008) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.*

In the present matter, the Court finds that the record demonstrates delay and contumacious conduct by the Plaintiff. The Court has entered two briefing schedules, which the Plaintiff has been unable to meet. The Court thereafter entered an Order to Show Cause, warning the Plaintiff that his case was in danger of being dismissed. The Plaintiff, however, did not respond to the merits of the Order. Giving deference to the Plaintiff's pro se status, the Court then attempted to hold a telephonic status conference to allow the Plaintiff an opportunity to show cause why the case should not be dismissed. The Plaintiff failed to call-in to Chambers for the status conference. The Court attempted, unsuccessfully, to make telephone contact with the Plaintiff. The Court finds that the Plaintiff has

been given ample time and opportunity to prosecute his case but has chosen not to move forward with his Compliant.

Accordingly, given the Plaintiff's repeated failure to meet the deadlines imposed by the Court, as well as his failure to respond to the merits of the Court's Order to Show Cause Order or appear for the telephonic status conference, the Court finds that dismissal is appropriate in this case. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to pro se litigants has limits," and if "a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant.") (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Therefore, the Court **ORDERS** that the Plaintiff's Complaint [**Doc. 2**] be **DISMISSED** without prejudice. The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

ENTER:

_____
United States Magistrate Judge